

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA,

    Plaintiff,

v.

HSBC BANK USA, N.A., HSBC FINANCE CORPORATION, HSBC MORTGAGE CORPORATION (USA), HSBC MORTGAGE SERVICES, INC., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., and JOHN DOE LOAN SERVICING COMPANIES 1-20,

    Defendants.

---

13 Civ. 1467 (JSR)

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Peter D. Grubea ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about March 5, 2013, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") against HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Mortgage Corporation (USA), HSBC Mortgage Services, Inc. (collectively, the "HSBC Defendants"), and John Doe Loan Servicing Companies 1-20, pursuant to the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA");

WHEREAS, on or about June 19, 2014, the Court approved a settlement between the United States, the Relator, and the HSBC Defendants;

WHEREAS, on or about July 8, 2014, Relator filed a First Amended Complaint, which, among other things, named Bank of America Corporation and Bank of America, N.A. (collectively, "Bank of America"), and J.P. Morgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan Chase"), as defendants;

WHEREAS, on or about February 13, 2018, the United States filed a Notice of Election to Decline Intervention, in which the United States notified the Court of its decision not to intervene in this action as to the claims against the then-remaining defendants;

WHEREAS, on or about April 3, 2018, Relator filed a Second Amended Complaint against Bank of America and JPMorgan Chase;

WHEREAS, by opinion and order entered June 26, 2018 (the "Dismissal Order"), the Court dismissed all of Relator's claims against Bank of America and JPMorgan Chase with prejudice;

WHEREAS, on or about July 26, 2018, Relator filed a notice of appeal as to Relator's claims against Bank of America and JPMorgan Chase;

WHEREAS, in June and July 2019, Relator entered into settlement agreements with Bank of America and JPMorgan Chase resolving Relator's claims against Bank of America and JPMorgan Chase (the "Settlement Agreements"), which provided for, among other things, payments by Bank of America and JPMorgan Chase collectively to the United States in the amount of $140,000 (the "Settlement Amount");

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States pursuant to each Settlement Agreement, the United States will pay Relator, c/o Willens & Scarvalone LLP, as attorneys for Relator ("Relator's Counsel"), 30 percent (30%) of each such payment in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of each such payment. The obligation to make each payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of full payment from Bank of America and JPMorgan Chase as set forth in the Settlement Agreements. In the event that either Bank of America or JPMorgan Chase fails to make any payment required by the Settlement Agreements, the United States shall have no obligation to make a corresponding payment to the Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreements, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of

the Settlement Agreements pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreements or any claim against Bank of America or JPMorgan Chase in any of the complaints in this action.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns and heirs.

6. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

7. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

8. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: August 8, 2019
New York, New York

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: /s/ Andrew Krause

ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2769

Dated: August 8, 2019

WILLENS & SCARVALONE LLP

By: /s/ Edward Scarvalone

Edward Scarvalone
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
Telephone: (646) 200-6334

*Attorneys for the Relator*

Dated: 8/8, 2019

Peter D. Grubea
*Relator*

Dated: 8/18, 2019
New York, New York

SO ORDERED:

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

5